## REUBEN E. DEMMON *vs.* DAVIS LOCKE.

It is no defence to an action for the price of two buildings sold on credit, and one cf which has been removed by the purchaser, that before the expiration of the term of credit, the seller gave him notice not to remove the other until the price was paid.

ACTION OF CONTRACT, brought on the 22d of June 1852. " And the plaintiff says, the defendant owes him ninety five dollars for barn and shed sold by the plaintiff to the defendant."

The defendant, in his answer, " says, that he did buy of the plaintiff the barn and shed, declared for in the plaintiff's writ, for the sum of ninety five dollars ; but that it was agreed by and between the plaintiff and defendant at the time of the purchase of said barn and shed, that the defendant should have ten days' credit upon the same from the day of the purchase aforesaid ; that, notwithstanding said agreement, the plaintiff, before the expiration of said ten days, notified the defendant not to remove said barn and shed until the same were paid for ; and so the defendant became absolved from the payment of said sum of ninety five dollars. But the defendant further says, that before the notice aforesaid he had sold the shed aforesaid to one Robbins, who had removed the same ; and that since the suing out of the plaintiff's writ, to wit, on or about the nineteenth day of July last past, the defendant tendered to the plaintiff the sum of twenty three dollars and fifty cents in payment for said shed and for the costs of suit upon said writ, which said sum of twenty three dollars and fifty cents the defendant now brings into court for the use of the plaintiff. And so the defendant says, he does not owe the plaintiff the sum of ninety five dollars, as the plaintiff has declared against him."

The plaintiff demurred to the answer, because it did not state a legal defence to the cause of action set forth in the declaration, according to the rules of law.

*E. Buttrick*, for the plaintiff.

*M. G. Cobb*, for the defendant.

BIGELOW, J. The single question in this case is, whether, taking all the facts stated in the defendant's answer to be true,

they constitute any valid defence to the plaintiff's claim. The sale of the barn and shed for the sum stated in the declaration is admitted, and the removal of the shed in pursuance of this contract of sale is averred, in the defendant's answer. There was therefore an agreement of sale, and a delivery of a portion of the chattels sold under it. Upon familiar principles, these constitute a good ground of action for the agreed price, and they entitle the plaintiff to recover, unless some other fact is stated in the answer, which changes the legal rights of the parties.

The averment on which the defendant rests his defence is, that the sale was made on a credit of ten days, and that before the expiration of this term of credit, but after a removal of a part of the chattels sold, he had notice from the plaintiff not to remove the property, until the purchase money had been paid. But these facts constitute no defence to the action, because they do not amount to a rescission of the contract, nor to a failure by the plaintiff to fulfil his part of the agreement. The notice not to remove the property did not change the rights of the parties, as fixed by the terms of the contract of sale. If it was contrary to the original agreement of the parties, it was a nullity, and the defendant was at liberty to disregard it. The case might have been materially changed, if the plaintiff had prevented the removal of the property, and retained it in his possession; but no such averment is made in the defendant's answer. Assuming the defendant's statement of the contract to be the true one, the title to the property sold passed to the defendant, by virtue of the sale, and the removal of the shed in pursuance of it. They constituted a valid sale and delivery. The defendant had the right thereby to an immediate possession of the barn, and a license, implied from the sale of it while standing upon the plaintiff's land, to go thereon and remove it. *Wood* v. *Manley*, 11 Ad. & El. 34, and 3 P. & Dav. 5. The contract was therefore complete between the parties, upon the defendant's own statement of its terms. All that remained to be done was for him to pay the stipulated price when it became due. It is no answer to a suit brought to recover it, after the

term of credit had expired, to say that he had notice not to remove the property. It was his; he had the right to take it away; the notice from the plaintiff did not prevent him from exercising his dominion over it; and if he has failed to do so, it was a voluntary omission by him to enforce a legal right, which constitutes no defence to this action. The answer therefore does not state a valid defence to the plaintiff's claim; and the demurrer thereto is well taken. *Judgment for the plaintiff.*